IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS FORD** | : | Civil Action |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | No. 02-2814 |

**ANSWER OF THE DEFENDANTS, CITY OF PHILADELPHIA, JOHN TIMONEY, DETECTIVE JAMES BURNS, DETECTIVE BLUNT, AND DETECTIVE MCGRODY TO THE PLAINTIFF'S AMENDED COMPLAINT, TOGETHER WITH AFFIRMATIVE DEFENSES**

Defendants, City of Philadelphia, John Timoney, Commissioner of Police, Detective James Burns, #805, Detective Blunt, #778, and Detective John McGrody, #846, by and through the undersigned counsel, hereby file their Answer together with Affirmative Defenses to the Plaintiff's Amended Complaint, and in support thereof aver as follows:

**I.     INTRODUCTION**

1. Denied as stated. It is admitted only that Plaintiff has filed a lawsuit alleging violation of his rights by defendants. The remaining allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

2. Denied. The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied.

**II.     JURISDICTION**

3. Denied. The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied.

1

### III.  VENUE

4. Denied.  The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.

### IV.  PARTIES

5. Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Hence, answering defendants deny the allegations and demand strict proof thereof at time of trial.

6. Admitted.  By way of further answer, "Philadelphia Police Department" is not a legal entity that can be subject to suit.

7.  Admitted.

8.  Admitted in part; denied in part.  To the extent that the allegations in this paragraph are directed against answering defendants, Detective Burns, Detective Blunt, and Detective McGrody, said allegations are admitted.  It is averred that any and all allegations directed to Doe and/or Roe, and/or other employees of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

9. Denied. The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied. To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

**V.     FACTUAL ALLEGATIONS**

10. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Hence, answering defendants deny the allegations and demand strict proof thereof at time of trial.

11. Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Hence, answering defendants deny the allegations and demand strict proof thereof at time of trial.

12. Denied as stated. It is admitted only that, on or about April 12, 2000, plaintiff was arrested.

13. Denied as stated. It is admitted only that, on or about April 12, 2000, plaintiff was arrested.

14. Denied as stated. It is admitted only that plaintiff was charged with several offenses, including but not limited to burglary and criminal trespass concerning Elliot Lewis Corporation on March 25, 2000.

15. Denied as stated. It is admitted only that, on March 25, 2000, Philadelphia police went to the residence of Regina Walker or an individual who identified herself as Paulette Walker, and that stolen property belonging to Elliot Lewis Corporation was identified. It is

admitted only that, on March 25, 2000 Paulette Walker was subsequently taken to the police station at which time she gave a statement, was shown photograph(s) or images of photograph(s), and identified Marcus Lynch as a suspect. By way of further answer, it is averred that any and all allegations directed to Doe and/or Roe, and/or other employees of the Philadelphia Police Department, whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before answering defendants are informed of the identity of the persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof is demanded at the time of trial.

16. Admitted. By way of further answer, Ms. Walker did identify plaintiff as one of the two suspects during a subsequent interview with police on or about March 30, 2000.

17. It is admitted that, on March 25, 2000 Ms. Walker identified Marcus Lynch as one of the two suspects.

18. Denied as stated. It is admitted only that Ms. Walker was subsequently fingerprinted and was found to have an open absconder warrant under the name of Kim Walker, and that she was placed under arrest for the absconder warrant.

19. Denied as stated. It is admitted only that Marcus Lynch was subsequently arrested for several offenses including but not limited to burglary at Elliot Lewis Corporation. It is admitted only that Lynch viewed photographs and identified "Tom" to the police as the individual who helped him move items into his girlfriend's house, but Lynch refused to sign the photo.

20. Admitted generally.

21. Denied. The allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

22. Denied. The allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

23. Denied. The allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

24. Denied. The allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

25. Admitted in part; Denied in part. It is admitted only that, on or about January 17, 2001, plaintiff was found not guilty of the charges in connection with the April 12, 2000 arrest. The remaining allegations are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

26. Denied as stated. It is admitted only that, on or about May 11, 2000 plaintiff was served with another arrest warrant and placed under arrest for several counts of burglary and related offenses, and that said arrest was connected to the April 12, 2000 arrest of the plaintiff. The remaining allegations are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

27. Denied. The allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

28. Denied. The allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

29. Denied as stated. It is admitted only that, on or about March 2, 2001 the charges in connection with the arrest of the plaintiff that occurred on or about May 11, 2000 were dismissed.

30. Denied. The allegations in this paragraph are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

31. Denied. All allegations of liability and causation of injury are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial. Moreover, after reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the nature and extent of the plaintiff's averments of damage, injury or loss. Hence, said allegations are denied, and strict proof thereof is demanded at time of trial.

## COUNT ONE
## SECTION 1983 VIOLATION

32. Answering defendants incorporate herein by reference their answers to paragraphs 1 through 31 of the plaintiff's Amended Complaint, as though the same were fully set forth herein at length.

33. Denied. The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied. To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

34. Denied. The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied. To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

35. Denied.  It is denied that the individual defendants herein did not receive appropriate training.  The remaining allegations are denied as untrue, inaccurate and misleading.  Strict proof thereof is demanded at time of trial.

36. Denied.  The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.

Wherefore, Defendants, City of Philadelphia, John Timoney, Detective James Burns, Detective Blunt, and Detective John McGrody demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

## COUNT TWO

## FALSE IMPRISONMENT AS A RESULT OF APRIL 12, 2000 ARREST

37-38.  Per the Court's Memorandum and Order dated April 17, 2003, Count Two of plaintiff's Amended Complaint has been dismissed.

## COUNT THREE
## FALSE ARREST AND FALSE IMPRISONMENT ON MAY 13, 2000

39. Answering defendants incorporate herein by reference their answers to paragraphs 1 through 38 of the plaintiff's Amended Complaint, as though the same were fully set forth herein at length.

40. Denied.  The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure.  Hence, no response is required, and said allegations are denied.

Wherefore, Defendants, City of Philadelphia, John Timoney, Detective James Burns, Detective Blunt, and Detective John McGrody demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

## COUNT FOUR
## MALICIOUS PROSECUTION FOR MAY 13, 2000 ARREST

41. Answering defendants incorporate herein by reference their answers to paragraphs 1 through 40 of the plaintiff's Amended Complaint, as though the same were fully set forth herein at length.

42. Denied. The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied. To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

Wherefore, Defendants, City of Philadelphia, John Timoney, Detective James Burns, Detective Blunt, and Detective John McGrody demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

## COUNT FIVE
## MALICIOUS PROSECUTION FOR APRIL 12, 2000 ARREST

43. Answering defendants incorporate herein by reference their answers to paragraphs 1 through 42 of the plaintiff's Amended Complaint, as though the same were fully set forth herein at length.

44. Denied. The allegations contained in this paragraph constitute conclusions of law under the Federal Rules of Civil Procedure. Hence, no response is required, and said allegations are denied. To the extent that the allegations contain averments of fact, said allegations are denied as untrue, inaccurate and misleading. Strict proof thereof is demanded at time of trial.

Wherefore, Defendants, City of Philadelphia, John Timoney, Detective James Burns, Detective Blunt, and Detective John McGrody demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

### **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C.§1983.

2. Plaintiff's claims are barred by the defenses, immunities, and limitation of damages available to answering defendants under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, et. seq.

3. Plaintiff's remedies, if any, are limited exclusively to those contained under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, et. seq.

Wherefore, Defendants, City of Philadelphia, John Timoney, Detective James Burns, Detective Blunt, and Detective John McGrody demand judgment in their favor and against the plaintiff, together with attorney's fees and the costs of defending this action.

Robin B. Arnold
Deputy City Solicitor
Attorney I.D. #59477
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(215) 683-5347 (Fax)

Dated:  5/7/03

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS FORD | : | Civil Action |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | No. 02-2814 |

**CERTIFICATION OF SERVICE**

Robin B. Arnold, Deputy City Solicitor, hereby certifies that service of a true and correct copy of the Defendants' Answer with Affirmative Defenses to the Plaintiff's Amended Complaint was made on the 7th day of May, 2003 to the following by First Class United States Mail.

Olugbenga Abiona, Esquire
Suite 580 at The Bourse
21 South 5th Street
Philadelphia, PA 19106

                                        _____
ROBIN B. ARNOLD
DEPUTY CITY SOLICITOR
Attorney I.D. #59477
City of Philadelphia-Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447

Date:  5/7/03

Case 2:02-cv-02814    Document 11    Filed 05/07/2003    Page 11 of 11